# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **CHARLES L. NORVELL, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 5:05-0763** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case was referred to the undersigned United States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2.) Presently pending before the Court is Plaintiff's Motion for Remand (Doc. No. 7.), the Defendant's Motion for Judgment on the Pleadings (Doc. No. 8.), the Plaintiff's Motion to Submit Additional Evidence (Doc. No. 9.), the Defendant's Response (Doc. No. 10.) and the Plaintiff's Reply. (Doc. No. 12.)

The Plaintiff, Charles L. Norvell, Jr. (hereinafter referred to as "Claimant"), filed an application for DIB on August 4, 2003 (protective filing date), alleging disability as of March 1, 2002,[1] due to bilateral hip replacement and use of a cane. (Tr. at 15, 90-92, 101, 104.) The claim was

---

[1] During the administrative hearing, the ALJ granted Claimant's request to amend the onset of disability date to January 20, 2003, reflective of the date of Claimant's first hip replacement surgery. (Tr. at 25-26.)

denied initially and upon reconsideration. (Tr. at 65-67, 70-72.) On April 13, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 74.) A hearing was held on March 21, 2005, before the Honorable Charles Boyer. (Tr. at 22-62.) On April 19, 2005, the ALJ issued a decision denying Claimant's claim for benefits. (Tr. at 14-20.) The ALJ's decision became the final decision of the Commissioner on July 15, 2005, when the Appeals Council denied Claimant's request for review. (Tr. at 4-8.) On September 15, 2005, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 404.1520(e). By satisfying inquiry four, the claimant establishes a prima facie case of

disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that the combination of Claimant's mild obesity and history of hip replacements was severe. (Tr. at 15.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or medically equal the level of severity of any listing in Appendix 1. (Tr. at 15.) The ALJ then found that Claimant had a residual functional capacity to perform sedentary work. (Tr. at 18, 19, Finding 7.) At step four, the ALJ found that Claimant was capable of performing his past relevant work ("PRW") as a payroll clerk/timekeeper "as it is customarily performed and as it is described in the Dictionary of Occupational Titles." (Tr. at 18, 19, Finding 8.) On this basis, benefits were denied. (Tr. at 19-20.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

>evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on December 28, 1948, and was 56 years old at the time of the administrative hearing. (Tr. at 15, 26, 90.) Claimant had a high school education. (Tr. at 15, 26.) In the past, he worked as a salesperson, forklift operator, and payroll clerk/timekeeper. (Tr. at 15, 105, 112-19.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in finding that he was able to return to his PRW as a payroll clerk/timekeeper. Specifically, Claimant argues that the ALJ failed to (1) consider whether the skills of his PRW were

4

transferable and (2) analyze thoroughly the demands of his PRW and resolve the conflict between the description of his PRW as he actually performed the job and the VE's testimony as to how the job was generally performed in the national economy. (Pl.'s Br. at 2-6.) In further support of his Motion for Remand, Claimant submits to the Court the March 2, 2006, decision of the Social Security Administration based on a subsequent application filed by Claimant. (Doc. No. 9.) The Commissioner asserts that the ALJ's decision is supported by substantial evidence and that Claimant's arguments are without merit.

The Regulations provide that when it cannot be decided whether a claimant is disabled on medical evidence alone, the Agency will consider the individual's residual functional capacity together with his or her vocational background. See 20 C.F.R. § 404.1560(a) (2004). Residual functional capacity will be compared with the physical and mental demands of the claimant's past work, and if the person can still perform her past relevant work, he will be found not disabled. See id. § 404.1560(b). Past work experience is relevant when it is work that was performed in the last 15 years, which lasted long enough for the person to learn to do it and which was substantial gainful activity. See 20 C.F.R. § 404.1565(a). Substantial gainful activity is "work activity that is both substantial and gainful." Id. § 404.1572. Substantial work activity involves significant physical or mental activities, and work may be substantial even if it is done part-time. Id. § 404.1572(a). Gainful work activity is work done for pay or profit, whether or not a profit is realized. Id. § 404.1572(b).

In determining whether a Claimant can perform his PRW, the Regulations provide that the claimant will be asked to provide information about past work and that the Commissioner will consult other sources, including vocational experts and specialists, as well as the Dictionary of Occupational Titles ("DOT"), in obtaining necessary evidence about the PRW. See 20 C.F.R. §

404.1560(b)(2) (2004). With regard to the role of Vocational Experts ("VE") in this determination, the Regulations provide as follows:

> A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

Id.

Social Security Ruling (SSR) 82-62 notes that "[t]he RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'" SSR 82-62, 1982 WL 31386, *3. This Ruling also requires the following specific findings of fact when the Commissioner determines that a Claimant can return to his or her past relevant work:

1. A finding of fact as to the individual's RFC.

2. A finding of fact as to the physical and mental demands of the past job/occupation.

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, *4. There are two main tests for determining whether a claimant retains the capacity to perform his or her past relevant work: (1) whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he actually performed it; or (2) whether the claimant retains the capacity to perform the functional

6

demands and job duties of the job as ordinarily required by employers throughout the national economy. See SSR 82-61, 1982 WL 31387. In using the second test, the DOT descriptions can be relied upon to define the job as it is usually performed in the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.' " Id. at *2.

In the instant case, the ALJ determined that Claimant had the residual functional capacity to perform work at the sedentary level of exertion. (Tr. at 18-19.) At the administrative hearing, testimony was taken to determine the physical demands of Claimant's past work as a payroll clerk/timekeeper. (Tr. at 29-30, 54-56.) Claimant testified that he stood/sat behind a counter and collected employees' brass identification tags at the beginning of the day, carried boxes weighing approximately 50 to 60 pounds and containing 500 to 800 employee identification tags to the payroll clerk's office, hand-posted the employees' hours, periodically walked the work site to verify that the employees were working, and distributed the identification tags to the employees at the end of the day. (Tr. at 29-30, 54-56.) On written forms, Claimant indicated that he lifted up to 50 pounds and frequently lifted 25 pounds. (Tr. at 116.) The ALJ took the testimony of a Vocational Expert, who testified that Claimant's past work as a payroll clerk/timekeeper was listed at the sedentary exertional level in the DOT, but that as Claimant described the job, it was actually performed at the light to medium exertional level. (Tr. at 48.) The ALJ noted the VE's testimony in his opinion, and therefore, made the requisite findings of fact as to the physical and mental demands of Claimant's PRW. (Tr. at 18.) Based upon VE testimony, the ALJ determined that Claimant could return to his PRW as a payroll clerk/timekeeper "as that job is generally performed in the national economy." (Tr.

at 18.)

1. <u>The Grids and Transferability of Skills.</u>

Claimant first argues that under the medical-vocational guidelines (the "grids"), he would have been considered disabled on his fiftieth birthday. (Pl.'s Br. at 3.) He asserts, however, that the ALJ failed to address whether his skills were transferable. (<u>Id.</u>) The Commissioner argues that the grids are not relevant at step four of the sequential analysis. (Def.'s Br. at 10-11.) The undersigned agrees with the Commissioner and finds Claimant's argument on this point unavailing. As discussed above, the Regulations provide a sequential analysis for adjudicating disability. <u>See</u> 20 C.F.R. § 404.1520 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. <u>Id.</u> § 404.1520(a). At step four, if it is determined that a claimant can perform his PRW, his vocational factors of age, education and work experience and whether his past relevant work exists in significant numbers in the national economy, factors that are considered at step five, are not considered. <u>See</u> 20 C.F.R. § 404.1560(b)(3) (2004). The grids are applied when a claimant "is not doing substantial gainful activity and is prevented by a severe medically determinable impairment from doing vocationally relevant past work." 20 C.F.R. § 404.1569 (2004).

> Transferability of skills is an issue only when an individual's impairment(s), though severe, does not meet or equal the criteria in the Listing of Impairments in Appendix 1 of the regulations but does prevent the performance of past relevant work (PRW), and that work has been determined to be skilled or semiskilled.

SSR 82-41, 1982 WL 31389, *1. In the instant case, the ALJ determined that Claimant was able to return to his PRW as a payroll clerk/timekeeper, and therefore, was not required either to consider Claimant's other vocational factors or to apply the grids. Accordingly, Claimant's argument is without merit.

2. <u>Demands of PRW and conflict between descriptions.</u>

Claimant further argues at length that the ALJ failed to resolve a conflict between the description of his PRW as a payroll clerk/timekeeper as he actually performed the job and the VE's testimony as to how the job was generally performed in the national economy. (Pl.'s Br. at 3-6.) In so arguing, Claimant avers that he "did not perform the job of timekeeper or payroll clerk as described in the DOT." (Pl.'s Br. at 5.) The Commissioner asserts that the ALJ is required to resolve conflicts only between the VE's testimony as to the demands of a job and the demands of a job as described in the <u>DOT</u>. (Def.'s Br. at 12.)

SSR 00-4p notes that any apparent conflict between a VE's testimony and information supplied by the <u>DOT</u> must be resolved by the ALJ:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p, 2000 WL 1898704, *2. The record demonstrates that there were no conflicts between the VE's testimony and the <u>DOT</u>'s description of Claimant's past work. During the administrative hearing, the VE testified that Claimant's PRW as a payroll/time clerk was described in the <u>DOT</u> as being semi-skilled work, performed at the sedentary exertional level. (Tr. at 48.) The VE explained that the job ordinarily does not require climbing, balancing, stooping, kneeling, crouching, or crawling, and does not involve exposure to cold, heat, heights, moving machinery, or moderate vibrations. (Tr. at 51.) The VE acknowledged, however, that Claimant actually performed the job at a light to medium exertional level, due to the amount of lifting involved with the employees'

9

identification tags. (Tr. at 48.) Claimant did not object to the VE's description of the payroll clerk/timekeeper job. Rather, Claimant's counsel argued that the job Claimant performed was that of an assistant to a payroll clerk and not a payroll clerk. (Tr. at 53.) The ALJ thus urged counsel to develop further the functions of Claimant's past work. (Tr. at 53.) In addition to the functions described above, Claimant testified that he assisted the payroll clerk by maintaining a record of employee absences which was given to the payroll clerk who prepared the actual paychecks. (Tr. at 55-56.) He also testified that in verifying employee attendance he was required to walk around the job site, which involved climbing stairs. (Tr. at 58-59.) After Claimant described in more detail the duties and functions of his past work, the VE testified that Claimant's past work was of a timekeeper, as described in the <u>DOT</u>. (Tr. at 56-57.) The VE described the timekeeper job as a clerical position performed at the sedentary exertional level, which included the function of locating employees throughout the day to verify their attendance on daily spot sheets. (Tr. at 57.) The ALJ considered the demands of Claimant's PRW and noted that assuming he walked two hours out of an eight hour day, the work remained classified as sedentary.[2] (Tr. at 58.) To the extent that

---

[2] The Regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2004). Social Security Ruling 83-10 clarifies that:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how

Claimant was required to climb a lot of stairs, the ALJ stated that his PRW may not have been sedentary. (Tr. at 59.) However, the ALJ emphasized that nothing in the record indicated that he walked more than two hours per day and that his functions were not inconsistent with those of a payroll clerk/timekeeper. (Id.)

It is apparent from the transcript of the administrative hearing that the VE initially classified Claimant's past work as that of a payroll clerk/timekeeper. However, after Claimant described in detail the functions and demands of his past work, the VE classified the work as that of a timekeeper. Notwithstanding the change in classifications, both the payroll clerk and timekeeper jobs are performed at the sedentary exertional level. To the extent that Claimant is challenging the ALJ's sole reference in his Findings to the payroll clerk job, the undersigned finds that any such error resulting from that reference is harmless. It is clear from the body of the ALJ's opinion that he acknowledged Claimant's testimony, relied on the VE's testimony, and considered Claimant's past work as that of a timekeeper. Recognizing Claimant's inability to lift and carry the amounts as required of his past work, the ALJ found that he retains the ability to perform his past work as the job is generally performed in the national economy at the sedentary exertional level. (Tr. at 18-19.) An Order of remand for a change in wording of the specific Findings is not warranted when the ALJ's conclusions are apparent from the body of his opinion. The undersigned finds that the ALJ's decision was proper and based on application of one of the two tests outlined in SSR 82-61 for determining whether a claimant retains the capacity to perform his PRW. See SSR 82-61, 1982 WL

---

long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10, 1983 WL 31251, * 5. In the instant case, the ALJ noted that with the exception of possibly not locating employees within a period of two hours, Claimant's testimony did not suggest that he was required to walk more than two hours in an eight hour day. (Tr. at 58.)

31387. Claimant objects only to the difference between his description and the DOT's description as to how he performed his past work with respect to the lifting and carrying requirements and has not otherwise objected to his ability to perform the functions of a timekeeper. The burden is on the claimant to show that he cannot perform his past relevant work. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In meeting this burden, the claimant must "show an inability to return to [his] previous work (i.e., occupation), and not simply to [his] specific prior job." DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1993). Although not cited by the ALJ or the VE, the undersigned has analyzed DOT occupation number 215.362-022, Timekeeper, and finds that Claimant has not established that his past work was significantly different from that described in the DOT or that he is unable to perform any of the listed functions.[3] With the exception of the lifting requirement of Claimant's past work, the DOT description is consistent with Claimant's description at the administrative hearing. The ALJ compensated for Claimant's lifting and carrying limitation in his RFC assessment and in finding that Claimant can perform his PRW as it is generally performed in the national economy. Accordingly, the undersigned finds that the ALJ was not required to explain

---

[3] *DOT* occupation number 215.362-022 describes the job of a Timekeeper as follows:

> Compiles employee's time and production records, using calculator or computer: Reviews timesheets, workcharts, and timecards for completeness. Computes total time worked by employees, using calculator or computer, posts time worked to master timesheet, and routes timesheet to payroll department. May pay employees. May calculate time worked and units produced by piece-work or bonus work employees, using calculator or computer, and be designated time Checker (clerical) or Work Checker (clerical). May locate workers on jobs at various times to verify attendance of workers listed on daily spot sheet and be designated Spotter (any industry). May interview employees to discuss hours worked and pay adjustments to be made and be designated Pay Agent (clerical).

further any discrepancy between Claimant's PRW as actually performed and as described in the DOT, and therefore, further finds that the ALJ's decision is supported by substantial evidence.

3. Motion to Submit Additional Evidence.

In considering Claimant's Motion to Submit Additional Evidence, the Court notes initially that the social security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan, 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98.

To justify a remand to consider newly submitted evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).[4] In

---

[4] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in *Borders* provides the proper test in this circuit for remand of cases involving new evidence. This court will apply the standard set forth in *Borders* in accordance with the reasoning previously expressed in this district:

> The court in *Wilkins v. Secretary of Dep't of Health & Human Servs.*, 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent *Borders* four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, *Borders* has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that *Borders*' construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court

Borders, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence.  Id.

With regard to the new evidence submitted, the Claimant has not satisfied all four factors of Borders, and therefore, remand is inappropriate. Claimant has submitted to the Court the decision of the Social Security Administration ("SSA") dated March 2, 2006, which states: "While you are unable to do your job as a Payroll Clerk as you described it, you have the ability to do the job as it is generally performed in the national economy." (Doc. No. 13 at 2.) Claimant argues that this information is directly relevant to his claim that remand is warranted upon the ALJ's error in finding that he could perform his PRW. (Doc. No. 9 at 1.) The Commissioner asserts that there is no conflict between the most recent decision and the ALJ's decision, and therefore, the new evidence is not relevant. (Doc. No. 10 at 4.) The undersigned agrees with the Commissioner; the SSA's decision is consistent with the ALJ's April 19, 2005, decision. In both decisions, it was determined that Claimant could not return to his PRW as a payroll clerk/timekeeper as he described and performed the job, but nevertheless could perform the job as it is generally performed in the national economy.

---

will apply the more stringent *Borders* inquiry.

*Brock v. Secretary, Health and Human Servs.*, 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992) (citations omitted).

14

Under the Borders analysis, the SSA's decision is neither relevant nor material as it is cumulative of the ALJ's decision, and therefore, would not have resulted in a different decision had the ALJ considered the same. The Claimant has failed to satisfy all four factors of Borders, and therefore, remand would be inappropriate; the SSA decision submitted to the Court does not provide a basis for changing the ALJ's decision and does not warrant a remand. The Court finds that the Commissioner's decision is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **DENY** the Plaintiff's Motion for Remand, **DENY** the Plaintiff's Motion to Submit Additional Evidence, **GRANT** the Defendant's Motion for Judgment on the Pleadings, **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

Under the Borders analysis, the SSA's decision is neither relevant nor material as it is cumulative of the ALJ's decision, and therefore, would not have resulted in a different decision had the ALJ considered the same. The Claimant has failed to satisfy all four factors of Borders, and therefore, remand would be inappropriate; the SSA decision submitted to the Court does not provide a basis for changing the ALJ's decision and does not warrant a remand. The Court finds that the Commissioner's decision is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **DENY** the Plaintiff's Motion for Remand, **DENY** the Plaintiff's Motion to Submit Additional Evidence, **GRANT** the Defendant's Motion for Judgment on the Pleadings, **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: July 25, 2006.

                                              R. Clarke VanDervort
                                              United States Magistrate Judge